IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROBY ANDERSON,<br><br>        Plaintiff,<br><br>v.<br><br>KAR GLOBAL d/b/a ADESA MISSOURI, LLC,<br>Please Serve:<br>CSC Lawyers Incorporated<br>221 Bolivar Street<br>Jefferson City, MO 65101<br><br>        Defendant. | Case No.: |

## COMPLAINT

Plaintiff Roby Anderson ("Anderson" or "Plaintiff"), for his claims and causes of action against Defendant KAR Global d/b/a Adesa Missouri, LLC ("Adesa" or "Defendant"), states and alleges the following:

## PARTIES, JURISIDICTION AND VENUE

1. Anderson is a resident of Missouri.

2. Defendant is an Indiana company that is registered to do business in Missouri.

3. The court has jurisdiction over this action, which includes claims arising under the Americans with Disabilities Act (42 U.S.C. §§ 12101, *et seq.*) (the "ADA"), pursuant to 28 U.S.C. § 1331.

4. Venue in this court is proper pursuant to 28 U.S.C. § 1391(b) in that Adesa does business in the state of Missouri and because the events or omissions giving rise to the subject matter of this action occurred in Missouri.

# FACTUAL BACKGROUND

5. Anderson filed a Charge of Discrimination with the EEOC within 180 days of the acts complained of and filed this Petition for Damages within 90 days after receiving his Notice of Right to Sue from the EEOC.

6. This action is timely, and Anderson has exhausted all administrative prerequisites to filing this action.

7. Anderson began working for Defendant in February 2018.

8. On or about November 16, 2019, Anderson suffered a seizure while attending his daughter's soccer game.

9. Anderson was given orders by his doctor not to operate a motor vehicle for six months.

10. On or about November 18, 2019, Anderson returned to work.

11. Immediately upon Anderson's return, he informed his management team and Human Resources ("HR") department of the seizure and his doctor's orders.

12. Anderson, along with personnel from HR and his management team, developed a plan where Anderson would work in-house three days a week and an inside sales representative would drive him to appointments the other two days a week.

13. On November 26, 2019, Anderson received a call from Ms. Lindsey Comer questioning Anderson as to why he wouldn't be able to drive for six months.

14. Following that call, Anderson sent a text message to Ms. Comer to ask whether his medical condition was going to be a problem.

15. Ms. Comer responded, stating, "I have no clue: I sure hope not though. I just know I have to disclose that to my boss and HR from what Kevin [Rhoads] told me."

16. On or about December 2, 2019, Anderson met with Ms. Comer and was told that the plan was still for him to move into a "hunter" role — a role in which Anderson would be going into potential customers' physical locations and trying to gain their business.

17. At that time, Anderson also informed Ms. Comer that he had made arrangements to handle the driving issues he was facing.

18. Shockingly, on December 17, 2019, Anderson was terminated.

19. Specifically, Anderson was advised he was being terminated for claims that his sales numbers were down despite his never having performance issues in the past.

## COUNT I
**Violation of the Americans with Disabilities Act, 42 U.S.C. Ch. 126 § 12101, *et seq*.**
**Retaliation**

20. Anderson realleges and incorporates all preceding paragraphs.

21. Anderson engaged in protected activity by informing his employer of his medical condition and seeking a reasonable accommodation.

22. Adesa engaged in adverse employment actions against Anderson for engaging in protected activities. Such adverse employment actions have been in the form of subjecting him to unfavorable terms and conditions of employment. The adverse employment actions have materially and adversely affected Anderson's overall terms and conditions of employment.

23. That materially adverse acts alleged above directly and proximately caused Anderson to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation, embarrassment and frustration.

24. A reasonable employee would find Adesa's retaliatory acts materially adverse and such acts would dissuade a reasonable person from reporting personal medical conditions.

25. Adesa's retaliatory acts against Anderson were a direct and proximate result of his protected activities.

26. That materially adverse acts alleged above directly and proximately caused Anderson to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation, embarrassment and frustration.

27. The retaliation suffered by Anderson was done with malice and reckless indifference to his federally protected rights. Adesa is therefore liable for punitive damages in an amount sufficient to punish and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Anderson prays for judgment against Adesa on Count I of his Complaint, for a finding that he has been subjected to unlawful retaliation in violation of 42 U.S.C. §12101, *et seq.*; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees provided by 42 U.S.C §2000e-5(k); and for such other and further relief the court deems just and proper.

### COUNT II
### Violation of the Americans with Disabilities Act, 42 U.S.C. Ch. 126 § 12101, *et seq.*
### Disability Discrimination

28. Anderson realleges and incorporates all preceding paragraphs.

29. Adesa was an employer for the purposes of the ADA.

30. Anderson was an employee of Adesa for the purposes of the ADA.

31. Anderson was disabled for the purposes of the ADA.

32. Anderson had a record of being disabled for the purposes of the ADA.

33. Adesa regarded Anderson as being disabled for the purposes of the ADA.

34. Adesa terminated Anderson because he was disabled or had a record of being disabled or because it regarded him as disabled.

35. The adverse employment actions alleged above directly and proximately caused Anderson to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation, embarrassment and frustration.

36. The persons who terminated Anderson were agents of Adesa who were acting in the court and scope of their agency with Adesa or acted with express authority from Adesa.

37. Adesa, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Anderson's federally protected rights. Adesa is therefore liable for punitive damages in an amount sufficient to punish Adesa and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Anderson prays for judgment against Adesa on Count II of his Complaint, for a finding that he has been subjected to unlawful discrimination in violation of 42 U.S.C. § 12101, *et seq*.; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees provided by 42 U.S.C §2000e-5(k); and for such other and further relief the court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

### **DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby requests the trial be held in Kansas City, Missouri.

5

Case 4:20-cv-00976-HFS   Document 1   Filed 12/14/20   Page 5 of 6

HKM EMPLOYMENT ATTORNEYS LLP

/s/ *John J. Ziegelmeyer III*
John J. Ziegelmeyer III    MO No. 59042
Brad K. Thoenen    MO No. 59778
1501 Westport Road
Kansas City, Missouri 64111
Tel: 816.875.3332
jziegelmeyer@hkm.com
bthoenen@hkm.com
www.hkm.com
ATTORNEYS FOR PLAINTIFF

6